cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

QIU ZHU DONG,[1] Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–2313–ag.

United States Court of Appeals, Second Circuit.

July 21, 2006.

Kimberly Ellis, New York, New York, for Petitioner.

Bradley J. Schlozman, U.S. Atty. for the Western District of Missouri, Lucinda S. Woolery, Asst. U.S. Atty., Kansas City, Missouri, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

1. The official caption is hereby amended to match the spelling of petitioner's name used

**SUMMARY ORDER**

Qiu Zhu Dong, through counsel, petitions for review of the BIA's denial of her motion to reopen her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case, and note that only the denial of the most recent motion to reopen is under review because that is the only decision from which Dong filed a timely petition for review. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) *(per curiam).*

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur,* 413 F.3d at 233; *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Dong's motion as untimely. Although the letter from Dong's mother arguably places Dong's motion within an exception to the number and time bars because the letter alleges changed circumstances in China—i.e., the government's alleged new crack down on forged medical records, the letter was reasonably disregarded because it contradicts Dong's testimony as to how she avoided sterilization. The letter states that Dong bribed a doctor to issue a fake sterilization certificate and insert an IUD rather than sterilize her, whereas Dong made no mention of a

in both parties briefs.

58

fake certificate in her testimony and testified that she did not get sterilized because she was not healthy enough to be sterilized. The BIA rationally explained that this evidence would not likely change the result in Dong's case, and we will not disturb that decision.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).